## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## LUFKIN DIVISION

| | | |
|---|---|---|
| ULISES HERNANDEZ-ROSALES, | § | |
| | § | |
| **Petitioner,** | § | CASE NO. 9:16-cv-109 |
| | § | |
| v. | § | |
| | § | |
| JEFFERSON B. SESSIONS, III, | § | |
| | § | |
| **Respondent.** | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

The United States Court of Appeals for the Fifth Circuit transferred this case to the district court for a hearing and decision on a factual issue regarding the Petitioner's nationality claim. 8 U.S.C. § 1252(b)(5)(B). The court referred this case by order to the Honorable Zack Hawthorn, United States Magistrate Judge, for all pretrial proceedings on August 33, 2016. (Doc. No. 6.) The court has received the report of Judge Hawthorn (Doc. No. 25), which recommends denying the Respondent, Jefferson B. Sessions' "Motion for Summary Judgment." (Docs. No. 19, 27). The Petitioner, Ulises Hernandez-Rosales, has filed objections to the report and recommendation (Doc. No. 29), and the Respondent has filed his response. (Doc. No. 30).

A party who files timely, written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2)-(3). "Parties filing objections must specifically identify those findings [to which they object]. Frivolous, conclusory or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

After undertaking a *de novo* review of Judge Hawthorn's report and recommendation, the court concludes Hernandez-Rosales's objections are without merit. Judge Hawthorn recommended denying Respondent's Motion for Summary Judgment because there remains a genuine dispute of material fact whether Hernandez-Rosales was born "out of wedlock" to meet the citizenship requirements pursuant to 8 U.S.C. § 1401(c). However, in *response* to the Respondent's motion for summary judgment, Hernandez-Rosales claimed he could still seek citizenship under 8 U.S.C. § 1401(g) which allows citizenship to certain individuals born outside the United States "in wedlock" to a United States citizen parent that was physically present in the United States for a period of at least ten years. Judge Hawthorn recommended that Hernandez-Rosales be precluded from seeking to establish citizenship under 8 U.S.C. § 1401(g) under judicial estoppel, the law of the case doctrine, and under the mandate rule.[1] (*See* Doc. No. 25, at 9-10).

Hernandez-Rosales does not specifically object to any of Judge Hawthorn's factual findings or legal conclusions pertaining to this issue. Instead, he argues that the Fifth Circuit erred by limiting its transfer order to the district court, preventing the submission of "any substantial evidence that may be sufficient to a finding of citizenship on any other ground[]." (Doc. No. 29, at 4). Hernandez-Rosales relies on 8 U.S.C. § 1105a(5)—a repealed statute that allows for *de novo* determinations to the district court of certain nationality claims. *See Veloquio-De La Cruz v. Ashcroft*, 85 F. App'x 385, 386 (5th Cir. 2004); Pub. L. 104-208, Div. C, Title III, §306(b), Sept. 30, 1996, 110 Stat. 3009-612. Notwithstanding the obsolescence of the

---

1. Judge Hawthorn noted that because Hernandez first raised this issue in his response to the motion for summary judgment, the Respondent did not seek summary judgment under § 1409(g). Consequently, Judge Hawthorn ruled that while summary judgment should not technically be granted on his § 1409(g) claim, he will not be able to further proceed under this statute at the evidentiary hearing or otherwise.

legal authority on which Hernandez-Rosales relies, this court is bound by the Fifth Circuit's decision. *See Perez v. Abbott*, 250 F. Supp. 3d 123, 139 (W.D. Tex. 2017).

Accordingly, Hernandez-Rosales's objections (Doc. No. 29) are **OVERRULED**, and Judge Hawthorn's report and recommendation (Doc. No. 25) is **ADOPTED**. The Respondent's Motion for Summary Judgment (Docs. No. 19, 27) is **DENIED**.


**So Ordered and Signed**
**Dec 7, 2017**

_____
Ron Clark, United States District Judge