IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| ULISES HERNANDEZ-ROSALES, § | | |
| Petitioner, § | | |
| v. § | | CIVIL ACTION NO. 9:16-CV-109 |
| § | | |
| JEFFERSON B. SESSIONS, III, § | | |
| Respondent. § | | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE AND DENYING NATIONALITY CLAIM

This case is assigned to the Honorable Zack Hawthorn, United States Magistrate Judge, for pre-trial management. Doc. No. 6. The Fifth Circuit transferred the case to this court for a hearing on Petitioner Hernandez-Rosales's nationality claim to determine, specifically, whether his mother was married to Marcelino Hernandez at the time he was born, and for entry of a final judgment. *Rosales v. Lynch*, 821 F.3d 625, 631–32 (5th Cir. 2016).

Pursuant to pursuant to 8 U.S.C. § 1409(c), had Petitioner's U.S.-citizen mother not been married at the time of Petitioner's birth in Mexico, Petitioner would be an American citizen. 8 U.S.C. § 1409(c) ("[A] person born . . . outside the United States and *out of wedlock* shall be held to have acquired at birth the nationality status of his mother, if the mother had the nationality of the United States at the time of such person's birth, and if the mother had previously been physically present in the United States or one of its outlying possessions for a continuous period of one year.") (emphasis added).[1]

---

[1] Although the United States Supreme Court has held that "[t]he gender-based distinction infecting §§ 1401(a)(7) [now §1401(g)] and 1409(a) and (c) . . . violates the equal protection principle," that holding does not impact this case because this case does not concern the one-year exception granted to unwed mothers but not to unwed fathers. *See Sessions v. Morales-Santana*, 137 S.Ct. 1678, 1701 (2017).

1

On the other hand, if Petitioner's U.S.-citizen mother was married to Marcelino Hernandez at the time of Petitioner's birth in Mexico, 8 U.S.C. § 1409(c) would not apply. The only issue before the court is whether Petitioner's mother and Marcelino Hernandez were married at the time Petitioner was born. *Lynch,* 821 F.3d at 632.

On January 31, 2018, Judge Hawthorn conducted a hearing in which the parties presented witnesses and admitted exhibits. On March 27, 2018, Judge Hawthorn entered a report (Doc. No. 42) recommending the court enter final judgment in favor of the Respondent because Hernandez-Rosales's mother and Marcelino Hernandez were married at the time he was born. Doc. No. 42, at 8–9. No objections have been filed to the magistrate judge's report and recommendation, and the time for doing so has passed.

It is, therefore, **ORDERED** that the magistrate judge's "Report and Recommendation" (Doc. No. 42) is **ADOPTED**. A final judgment for Respondent will be entered separately.

**So Ordered and Signed**
May 4, 2018

_____
Ron Clark, United States District Judge